OPINION
{¶ 1} Craig Poythress is appealing from the determination by the trial court labeling him a sexual predator. Poythress had been found guilty of two counts of rape on his plea of guilty and was sentenced to nine years incarceration on each count, to be served concurrently. He is not appealing his conviction.
 {¶ 2} Poythress, represented by counsel, brings the following two assignments of error on his appeal:
 {¶ 3} "1. The record does not show that appellant knowingly, intelligently, and voluntarily stipulated to the sexual predator designation.
 {¶ 4} "2. Appellant was denied his statutorily mandated right to effective assistance of counsel."
 {¶ 5} As to the first assignment, the appellee correctly points out that Poythress did not stipulate to his designation as a sexual predator. Rather, in the following exchange from the February 4, 2003, sentencing hearing, Poythress only stipulated to the contents of a psychological report on him, which was before the court, as follows:
 {¶ 6} "THE COURT: This matter is set for two reasons. One is the sentencing and before the Court sentences the defendant, the Court needs to make a determination for a designation of the sexually oriented offender statute. I have a report for purposes of filling in the Court with background and that report is by evaluator Barbara A. Bergman PHD a psychologist. Is the defendant willing to stipulate to the contents of that report for purposes of the Court's determination?
 {¶ 7} "MR. RESEBECK: Your Honor, may it please the Court, on behalf of the defendant. I have spoken with him about the report. Talked to him concerning all the options that were available in analysis of this report and we would stipulate to the report.
 {¶ 8} "THE COURT: The State. Would the State also stipulate to the contents of that report for purposes of considering a sexually oriented offender designation?
 {¶ 9} "MISS KRAFT: Yes Your Honor.
 {¶ 10} "THE COURT: Is there any other evidence Mr. Resebeck that you want to present to the Court with regard to the issue of the sexually oriented offender designation?
 {¶ 11} "MR. RESEBECK: Your Honor again I had spoken with him about making a presentation to the Court. We have nothing further to add Your Honor." (Tr. 2-3).
 {¶ 12} Thus it is clear from the record that Poythress stipulated not to his designation as a sexual predator but only to the contents of this one report, and nowhere in the report by Barbara A. Bergman, PHD, is there any designation or even recommendation to the court that the defendant be designated a sexual predator or any other sexual classification.
 {¶ 13} On the contrary, the court gave careful consideration to the evidence before it, which included the pre-sentence report and the Bergman report, as follows:
 {¶ 14} "THE COURT: The State after consider — the Court after considering the circumstances of this offense and reviewing the applicable statutory requirements finds first of all Mr. Poythress is twenty-five years of age, and that age puts him in a risk — higher risk for recidivism. The Court has considered the offender's prior criminal record and although he has two convictions. I believe they were two misdemeanor convictions they were not felony convictions. Although he does have some prior convictions that puts him in neither greater or lesser consideration for a sexually oriented offense recidivism. The age of the victim in this case was ten year old stepdaughter in fact not actually a stepdaughter it was his girlfriend's daughter that was living with. And there is from my indication in this report no data between the age of the victim and the risk of recidivism. The offense involved only one victim. There is no evidence to suggest that Mr. Poythress had any other victims and therefore the Court does not believe that that presents a higher risk of recidivism. There is no evidence to indicate that drugs or alcohol were involved with impairing the victim. Although the defendant has indicated in the pre-sentence investigation that he has used drugs and alcohol himself. So that particular factor does not impose greater or lesser concern about recidivism. There is no previous sex offense, no mandated sex treatment and therefore the Court does not consider that to be a higher risk of recidivism. There's no history of mental health problems or mental health treatment and therefore there is no evidence that that creates a greater or lesser risk of recidivism. Information in the — from the clinical psychologist indicates that the victim at least disclose several instances of sexual assault.
 {¶ 15} "This case involves two counts that indicates to me a pattern of abuse, although there are not multiple victims. It does indicate a pattern of abuse, which does have a higher risk of recidivism in the Court's mind. There is no indication that Mr. Poythress employed cruelty in committing the offense. Separate and apart from the cruelty that the Court would believe is inherent in having sexual intercourse with a child the age of ten. So therefore I do not find that that is a higher or lesser concern for recidivism. The additional behavior characteristics that contribute to the offender's conduct in the Court's mind is one that Mr. Poythress tends to minimize his activity with this child trying to indicate that he did not engage in the sexual conduct that was complained of or to the extent of complained of. And I think his attempts to minimize the serious nature of this offense is a factor that the Court believes makes the risk of recidivism much higher. The Court also finds and agrees with the evaluation of Dr. Bergman that the lack of empathy toward the victim in this case is of serious concern, that makes the risk of recidivism much higher for Mr. Poythress. After considering all of the factors and also considering the House Bill 180 screening instrument, the Court is going to designate, based upon the facts that I have found, Mr. Poythress as a sexual predator." (Tr. 3-4).
 {¶ 16} Moreover, although the trial court did not state as such, the reports before him and which have been made part of the record, include the victim's advice to both her family and separately to the police "that this [the rape] had happened numerous times in the past." (Emphasis supplied). The first assignment of error is overruled.
 {¶ 17} In his second assignment of error, the defendant argues that his counsel was ineffective because the sexual predator stipulation was made only involuntarily by him, and that counsel should have clarified the record or insisted upon a full hearing. This assignment collapses of its own weight, because as we already noted, appellant did not stipulate to the sexual predator classification. Moreover, appellant's trial attorney exercised, as appellee points out, "reasonable professional judgment" in stipulating to the contents of Dr. Bergman's report. This court itself has long recognized and noted that "it is common practice to stipulate [to the contents of] psychiatric reports in order to save time and effort. . . ." State v. Jones (Aug. 6, 1987), Montgomery App. No. 9901. Furthermore, as the Ohio Supreme Court has recognized, the Ohio Rules of Evidence do not strictly apply to sexual predator hearings and both the prosecution and defense are allowed to present expert opinion by testimony or written report to assist in the determination of the proper sexual classification. State v. Cook (1998), 83 Ohio St.3d 404, 425;State v. Eppinger (2001), 91 Ohio St.3d 158, 166.
 {¶ 18} The second assignment of error is overruled, and the judgment is affirmed.
Fain, P.J. and Wolff, J., concur.